UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT DIXON, ) | Case No.: 1:08 CV 1697 |
| ) | |
| Plaintiff ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| J. T. SHARTLE, ) | |
| ) | MEMORANDUM OF OPINION |
| Defendant ) | AND ORDER |

On July 16, 2008, pro se petitioner Robert Dixon filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Warden J. T. Shartle of the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton). Mr. Dixon seeks relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) after his successful completion of a drug treatment program. He asks this court to order the BOP to reconsider his eligibility. He further asks that the court order on such reconsideration that the BOP not deny him a sentence reduction based solely on his firearms conviction. For the reasons stated below, the petition for writ of habeas corpus is dismissed.

*Background*

Mr. Dixon was indicted in 1999 and charged with conspiracy to violate 21 U.S.C. § 841(a)(1) and distribution of cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 846. He pled guilty to the charges on October 26, 1999 and was later sentenced to 143 months in prison.

On April 1, 2008, petitioner entered a Residential Drug Abuse Program (RDAP) at F.C.I. Ekton. He was later advised that, pursuant to BOP program statement 5162.04, he would be ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). It was explained to him the BOP policy denies the sentence reduction provision to participants in a RDAP who were convicted of an offense involving a firearm.

*Analysis*

Mr. Dixon now argues that the BOP violated the Administrative Procedure Act (APA), 5 U.S.C. § 553(b),(c) & (d), with the "promulgation of the 1997 interim regulation of 28 C.F.R. § 550.58(a)(1)(vi)(B)." (Pet. at 2.) He asserts this violation resulted from the BOP's failure to publish a notice of its proposed rule, provide a comment period and publish the adopted rule less than 30 days before its effective date. Petitioner cites two Ninth Circuit opinions, Paulsen v. Daniels, 413 F.3d 999, 1008 (9th Cir.2005) and Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), to support his claim that the BOP's policy decision conflicts with the APA. Referring also to section 706(2)(A), Mr. Dixon claims that the BOP committed additional violations of the APA when it failed to articulate a rationale for its categorical exclusion of prisoners convicted of firearms violations from consideration for early release.

*28 U.S.C. §2241*

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998). Where, as here, petitioner's custodian is located within the Northern District of Ohio, this court has personal and subject matter jurisdiction over his challenge to the BOP's determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). See Perez v. Hemingway, 157 F.Supp.2d 790, 793 (E.D. Mich.2001).

*Reduction of Sentence*

The BOP may, in its discretion, reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. §3621(e)(2)(B). The BOP adopted 28 C.F.R § 550.58 as a guide for the implementation of the early release program. The regulation states in pertinent part:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> ***
>    (vi) Inmates whose current offense is a felony:
> ***
>       (B) that involved the carrying, possession, or use of a firearm.

28 C.F.R. § 550.58(a)(1)(vi)(B).

Seven years ago, the Supreme Court upheld § 550.58 and determined that the BOP, pursuant to its discretion to prescribe additional early release criteria, is entitled to categorically exclude certain inmates from early release. Lopez v. Davis, 531 U.S. 230, 238-245 (2001). The Court stated that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb. "Id. at 242. Moreover, "[t]he Bureau may consider aspects of the conduct of conviction, even though the conviction is a criteria of statutory eligibility. "Id at 243.

Notwithstanding the Court's decision in Lopez, petitioner now argues that the BOP violated the APA in adopting its interim rule in 1997. The question Lopez answered, and which forecloses

Mr. Dixon's habeas argument.[1] is whether the BOP exceeded its discretion in establishing certain early release requirements. The Supreme Court, and a later Ninth Circuit opinion, unequivocally held that the BOP did not exceed its discretion. See Lopez 531 U.S. at 242; Bowen v. Hood, 202 F.3d 1211 (9th Cir.2000).

Even if, as the petitioner suggests, the 1997 interim regulation in 28 C.F.R. § 550.58 was improperly promulgated–and no such determination is made here–the Program Statement would not be affected as it is an "internal agency guideline" that merely vests discretion in the Director to interpret what § 3621(e) defines as a "nonviolent offense." Sizemore v. Marberry, No. 04-CV-72282-DT, 2005 WL 1684132 at *3-4 (E.D. Mich. July 14, 2005). Several courts, including one in this Circuit, have disagreed with Paulsen and, more recently Arrington, to determine that P.S. 5162.04 is an"interpretive" rule construing both Title 18 U.S.C. § 3621(e), and the final 2000 codification of 28 C.F.R. §550.58. See e.g. Riopelle v. Eichenlaub, No. 2:08-11754, 2008 WL 2949236 at *2(E.D. Mich. July 29, 2008) ("[Arrington] ignores 18 U.S.C. §3625, which exempts the BOP's decision to deny the reduction of a sentence from the requirements of 5 U.S.C. § 706(A)(2)"); Thomas v. Middlebrooks, 2006 WL 3020825 at *4 (N.D.Fla., Oct 19, 2006) (BOP Program Statements are 'internal agency guidelines,' that are interpretive rules not subject to APA notice and comment procedures).

Lastly, Petitioner entered the RDAP nearly seven (7) years after the final regulation was adopted, see, 65 Fed.Reg. 80, 745 (2000), and thus his request for sentence reduction is governed

---

[1] The APA does not provide a federal court with any independent basis for jurisdiction. See Califano v. Sanders, 430 U.S. 99, 106-07 (1977). Rather, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established. See Dixie Fuel Co. V. Commissioner of Soc. Sec., 171 F.3d 1052, 1057 (6th Cir.1999) (citing Califano, 430 U.S. at 107).

by the final version of the regulation, and not the interim rule. This court lacks jurisdiction, pursuant to 18 U.S.C. § 3625, to review Petitioner's claim that the BOP's enactment of § 550.58 violated the APA.

*Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. Petitioner's motion to proceed in forma pauperis is granted. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 30, 2008